John T. Morgan (USB #3839)
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
Ken Garff Building, Suite 300
405 South Main Street
Salt Lake City, UT 84111
Telephone:    (801) 524-5734
Facsimile:    (801) 524-5628
Email: John.T.Morgan@usdoj.gov

Attorney for Richard A. Wieland, United States Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| In re: | |
|---|---|
| **NUVIEW MOLECULAR PHARMACEUTICALS, INC.,** | **Bankruptcy Case No. 13-33812 RKM**<br><br>(Chapter 11)<br>Judge R. Kimball Mosier |
| Debtor. | |

### UNITED STATES TRUSTEE'S MOTION TO DISMISS OR TO CONVERT CASE TO CHAPTER 7 AND MEMORANDUM IN SUPPORT THEREOF

The United States Trustee, by and through his attorney, John T. Morgan, hereby moves the Court for the entry of an Order in the Chapter 11 Case of Nuview Molecular Pharmaceuticals, Inc., Dismissing the Case or Converting the Case to one under Chapter 7 and such other and further relief as the Court deems appropriate under the circumstances.

This Motion is supported by the Memorandum of Points and Authorities as follows:

# MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TO CONVERT CASE TO CHAPTER 7

## I. STATEMENT OF FACTS

1. This Chapter 11 Case was commenced by the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code through Counsel, Michael Labertew, on December 11, 2013. An Application to Employ Michael Labertew has not been filed with the Court in this Case.

2. An Unsecured Creditor's Committee has not been appointed in this Case.

3. The Debtor failed to timely file the Statement of Financial Affairs, Schedules of Assets and Liabilities, a Schedule of Current Income and Expenditures, and a Schedule of Executory Contracts and Unexpired Leases (hereinafter collectively referred to as "Statements & Schedules") as required by 11 U.S.C. §521(a) within the limits provided by Fed. R. Bankr. P. 1007 or within any extension granted.

4. The deadline for filing the Statements & Schedules was December 26, 2013.

5. To date, the Debtor has failed to file the Statements & Schedules.

6. The Office of the United States Trustee scheduled an "initial debtor interview" ("IDI") for January 3, 2014 to discuss with the Debtor the duties and obligations of Chapter 11 debtors, the background of the Debtor's financial situation, insurance issues and various accounting and reporting requirements of Chapter 11 debtors. The Debtor failed to attend the scheduled IDI.

7. Pursuant to Bank. D. Ut. LBR 2081-1(a) and the United States Trustee's Initial Report Requirements for a new Chapter 11 Case, the Debtor is to provide evidence of

any permits, licenses of operations, and any policies of insurance maintained by the Debtor ("Initial Financial Report") not later than 7 days after the filing of the Petition. To date, the Debtor has not provided the Initial Financial Report. The deadline to provide the Initial Financial Report under Local Rule 2081-1(a) expired on December 18, 2013.

8. The Debtors have failed to provide information or to attend meetings reasonably requested and scheduled by the United States Trustee. The Debtors failed to attend the IDI in the case or to provide requested information concerning their financial affairs, tax returns, assets and liabilities. The Debtors have failed to provide evidence of insurance for estate assets, to establish a "Debtor in Possession" bank account or to comply with any of their fiduciary duties as Debtors in Possession.

## II. ARGUMENT

The Debtor failed to file the Statements & Schedules, failed to provide evidence of insurance, failed to file the Initial Financial Report, and failed to attend the Initial Debtor Interview as reasonably requested by the Office of the United States Trustee. These failures are all serious breaches of the Debtor's fiduciary duties as a Debtor in Possession in this Case and constitute specific "cause" for dismissal or conversion under 11 U.S.C. §§ 1112(b)(4)(C), (F) and (H).

11 U.S.C. §1112(b)(4) provides:

> (b) [T]he court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter… for cause…
> 4. For purposes of this subsection, the term "cause" includes-
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

      (F)    unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

      (H)    failure to timely provide information or attend meetings reasonably requested by the United States Trustee; ….

Cause under 11 U.S.C. §1112(b)(1) for the dismissal or conversion of the Case to a case under Chapter 7 of the Bankruptcy Code is not always a fixed standard. As the Court of Appeals stated in the Case of *In re Products Intern, Co.* 395 B.R. 101 (Bkrtcy.D.Ariz., 2008) (9th Circuit):

> "Cause is a flexible standard, subject to the Court's discretion, and does not necessarily involve one or all of the factors set forth in Section 1112(b)(4). Once cause has been established, the Court must then determine whether dismissal or conversion of the case, or the appointment of a Chapter 11 trustee, is in the best interest of creditors and the estate." *Id.* At 107.

> "Generally, such lists are viewed as illustrative rather than exhaustive, and the court should consider other factors as they arise, and use its equitable powers to reach the appropriate result in individual cases." *Id*. At 109.

The Debtor has failed to timely proceed with its duties in this reorganization case. The Debtor's failure to timely file the Statements & Schedules precludes creditors from being able to make fully informed decisions concerning their rights and interests. The Debtor's unexcused failure to timely file the Statements & Schedules, submit the Initial Financial Report and attend the IDI also thwarts the United States Trustee's efforts and duties to assess the viability of the Debtor and the prospects for reorganization. Parties in interest and the Court are completely at a loss concerning the Debtor's pre and post petition business activities and prospects going forward in the Case. No legitimate purpose is served by this Debtor continuing in Chapter 11, while completely ignoring its duties and responsibilities.

### III. CONCLUSION

For the reasons as set forth herein, the Court should enter an order dismissing this Case or converting this Case to one under Chapter 7, pursuant to 11 U.S.C. §§ 1112(b)(4)(C), (F) and (H), and for such other and further relief as the Court deems appropriate under the circumstances.

DATED: January 21, 2014

                                                      Respectfully Submitted,

                                                      /s/

                                                    John T. Morgan
                                                  Attorney for Richard A. Wieland
                                                  United States Trustee

# CERTIFICATE OF MAILING

I HEREBY CERTIFY that, on January 21, 2014, I caused a true and correct copy of the foregoing **UNITED STATES TRUSTEE'S MOTION TO DISMISS OR TO CONVERT CASE TO CHAPTER 7 AND MEMORANDUM IN SUPPORT THEREOF** to be electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system, as noted below:

Michael Labertew, Esq.

Further, I certify that copies of the **MOTION** were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following:

Nuview Molecular Pharmaceuticals, Inc.
1107 Snowberry Street
Park City, UT 84098

/s/
John T. Morgan